# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 3, 2021

Lyle W. Cayce
Clerk

No. 21-60283
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RAMIRO TZUL,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:19-CR-31-1

Before SOUTHWICK, OLDHAM and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Ramiro Tzul appeals his eight-month sentence imposed after revocation of his term of supervised release pertaining to his 2019 conviction for illegal reentry into the United States after being previously deported. He

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

argues that his sentence, which was within the advisory range, is substantively unreasonable.

Both parties contend that review is for plain error because Tzul did not preserve his argument in the district court. However, by requesting a sentence lower than the advisory range, Tzul preserved his substantive-reasonableness challenge. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766–67 (2020). Thus, we review his preserved challenge to the revocation sentence under a "plainly unreasonable" standard. *See United States v. Sanchez*, 900 F.3d 678, 682 (5th Cir. 2018).

"A sentence is substantively unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) (quotation marks and citation omitted). A revocation sentence within the advisory range is presumptively reasonable. *See United States v. Badgett*, 957 F.3d 536, 541 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 827 (2020).

Despite Tzul's arguments to the contrary, the record shows that the district court considered Tzul's testimony and mitigating arguments. In imposing the sentence, the district court articulated its consideration of the relevant sentencing factors of 18 U.S.C. § 3553(a). Tzul has not demonstrated any clear error of judgment in the court's balancing of the relevant sentencing factors. Rather, his arguments amount to nothing more than a disagreement with the sentence imposed, which is insufficient grounds for reversal. *See Badgett*, 957 F.3d at 541. Accordingly, Tzul fails to demonstrate an abuse of the district court's wide sentencing discretion. *See Warren*, 720 F.3d at 332; *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). AFFIRMED.